*1326 OPINION.
Love :
Among the items listed in Exhibit A, copied in the findings of fact, we believe, from the evidence in this appeal, that the following should be classed as ordinary and necessary expense items and that their costs should be deducted as such:
Dynamite and electric fuses- $206.19
Pipe and fitting replacements, parts of steam line_ 719. 68
Pipe, valves, grease cups_ 180. 06
Pire brick used in furnace-:- 185. 38
Pipe and fittings_ 407. 52
Hoisting rope replacements- 121.48
Tipple scales replacements_ 128. 86
Repair on tipple scales_ 24.98
Freight on material_ 6. 44
Shaft and counterweight fpr weight pan_ 25. 91
Repairs on locomotive_ 169.46
Asbestos_ 300. 00
Asbestos_ 540. 00
3, 014. 96
The other items listed in Exhibit A, we believe, should be classed as capital, as determined by the Commissioner.
With reference to items listed in Exhibit B, as copied in our findings of fact, under all ordinary conditions, we believe they clearly fall within the classification of capital, and there are no facts in the record which show that those items should be otherwise treated in the instant appeal. Appeal of Winifrede Coal Co., 1 B. T. A. 566; Appeal of Union Collieries Co., 3 B. T. A. 540; Appeal of Kirk Coal Co., 3 B. T. A. 755. The determination of the Commissioner as to said Exhibit B is approved.
Taxpayer claimed amortization on the tenant houses erected by it during the war period. The record discloses the fact that those tenant houses have been used by the taxpayer since the close of the war. Neither the exact amount or comparative value of such use, nor the actual or estimated cost of replacing them under normal *1327 postwar conditions, is disclosed. It may be that taxpayer is entitled to some amortization on account of materially diminished useful value, but, because it is disclosed that those houses have been and still are used, it is evident that they did not lose their entire useful value, and there are no facts in the record that will enable the Board to determine to what extent their useful value was impaired. We therefore approve the determination of the Commissioner on that issue.
During the taxable year taxpayer set aside as a reserve $15,838.91 to take care of its liabilities to injured employees. Out of that fund it paid to injured employees during the year $6,248.67. The Commissioner allowed a deduction in the amount of actual payments, but disallowed the reserve in excess of such payments. In this the Commissioner was right. Such a reserve is not authorized by the Revenue Act of 1918.
Order of redetermination will he entered on 15 days' notice, under Rule 50.